420 P.2d 117

**REAL ESTATE EXCHANGE, a corporation, Plaintiff and Appellant,**

v.

**Mark Allen KINGSTON and Dorothy Kingston, Defendants and Respondents.**

No. 10639.

Supreme Court of Utah.

Nov. 18, 1966.

George B. Handy, Ogden, for appellant.

Clyde C. Patterson, Ogden, for respondents.

HENRIOD, Chief Justice:

Appeal from a judgment denying plaintiff a commission for sale of property listed by defendants. Affirmed, with costs to defendants.

Kingstons listed their motel, service station and restaurant with plaintiff for sale. Malloys likewise listed their home for sale with plaintiff, who managed to get the

parties together in a swap. The first negotiations failed since Malloys could obtain no credit. A second try resulted in a contract whereby Malloys took possession of the motel and Kingstons received a deed to the Malloys' home. The papers were placed in escrow, subject to monthly payments to be made by Malloys,—out of which plaintiff agreed it was to be paid by Kingstons,— all of which papers and the conditions therein were *prepared by plaintiff*. Plaintiff specifically agreed to obtain its commission from the monthly payments to be made by the Malloys. That may have been a foolish agreement, but foolish or unfoolish, it was made, nonetheless.

After a couple of months Malloys found their venture unprofitable, walked out and refused to make any payments after the two they had made. Litigation between Malloys and Kingstons followed and they compromised their differences,—each side going its own way.

Plaintiff admitted it was acting for both parties. It demanded a commission from both sides when the roof fell in. It admitted that when queried by the Kingstons as to whether it was acting in a dual capacity, it was so. In response to Kingston's question as to whether plaintiff was claiming a commission from both sides, it responded that it was none of Kingston's business. Plaintiff already had sued the Malloys for the commission.

Aside from the ethics of such an apparent unconscionable position, the fact that plaintiff agreed to and prepared the document substantiating such agreement,—it is choked with its own verbiage,—and stuck with it. It received its commission portion of two payments. None was thereafter forthcoming, and absent any acceleration clause, the commission was payable only in the manner which the author of the agreement proposed and scrivened.

McDONOUGH, CROCKETT, CALLISTER, and TUCKETT, JJ., concur.